[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT STATEMENT OF THE CASE
The defendants, acting primarily through the defendant Leon Kaatz, undertook to represent the plaintiff Copeland in August of 1995. At that time, he was incarcerated, having been sentenced on January 10, 1992 to serve 20 years, suspended after 12 years with 3 years probation.
The defendant Kaatz was asked to pursue a sentence modification of at least 2 years and a retainer agreement was signed by Mr. Kaatz, Mr. Copeland, and the one Mary Jones as guarantor on August 9, 1995.
On February 26, 1996, a sentence modification was stipulated to with the State's Attorney and Attorney Kaatz, and Mr. Copeland's sentence was reduced by 4 years. Pursuant to that modification, Mr. Copeland was released in the fall of 1996.
By writ, summons and complaint, the plaintiff brought this suit in 1998, returnable September 8, in two counts. The first count sounds in breach of contract and alleges that Copeland was "unlawfully incarcerated" as a result of the breach. The allegations that follow recite negligence and carelessness as causing damage to Mr. Copeland. There is nothing in this count to suggest that Mary Jones is a plaintiff, she makes no allegations and she is not even named in the summons. Mr. Copeland has submitted an affidavit signed by her and designating her as "co-plaintiff."
 DISCUSSION I As to Mary Jones on the First Count
CT Page 16130
Mary Jones was never listed as a plaintiff in the summons and nothing in the first count relates to her, nor has she alleged a cause of action. When questioned by the court as to position in this case, she stated her "complaint" was that her marriage to Mr. Copeland had to her be postponed because it took so long for Attorney Kaatz to obtain the sentence modification.
Nothing in the retainer agreement suggests that it was conditioned on an expedited release and nowhere does Mr. Kaatz agree to accomplish the result early enough for the marriage to occur.
Count one as to Mary Jones, in view of her colorable status, is dismissed.
 II As to the Second Count
On June 7, 2002, both Mr. Copeland and Mary Jones filed withdrawals of action of the second count. Sounding in malpractice, that count made no reference to Mary Jones but the withdrawal effectively precludes litigation by either party on this cause of action.
 III As to the First Count
The remaining issue to be addressed by the court is that of Mr. Copeland's claim that Mr. Kaatz breached the contract executed between them on August 9, 1995.
While the court finds no merit to the plaintiffs claims, some of the allegations and assertions will be addressed individually.
The court attempted to elicit from Mr. Copeland exactly what Mr. Kaatz did to constitute a breach of contract. The result obtained, via sentence modification, years after sentencing was exceptional. Mr. Kaatz displayed a high degree of legal ability in fashioning the grounds for his motion. Mr. Copeland persists in the belief that he had a strong case for a reduction because he was a model inmate. That claim carried questionable weight by itself and could not have resulted in a four year reduction. (Mr. Copeland was hoping to get a two year reduction).
The plaintiffs disenchantment with his attorney appears to have arisen after the modification was effective and was the result of a correction CT Page 16131 department time calculation. There is nothing to suggest that any period of incarceration of Mr. Copeland was the result of actions or inaction by Mr. Kaatz. Rather, Mr. Kaatz cooperated with the attorney representing Mr. Copeland in connection with the time calculation, she having dealt with a similar situation for the plaintiff.
Mr. Copeland's general accusations that Mr. Kaatz did not consult with Attorney Shanley and Attorney Mandanici are irrelevant to the issue of whether Mr. Kaatz breached his contract. How consulting with Mr. Mandanici, who was the subject of Mr. Copeland's habeas corpus petition, fitted into this case is a mystery to the court. Mr. Copeland did not explain how he would assist in the modification process.
Similarly, Mr. Shanley's representation of Mr. Copeland in the habeas corpus action is a totally unrelated issue and Mr. Copeland failed to explain how Mr. Shanley's role would assist him.
Mr. Kaatz consulted the attorney who could be of assistance to him and had no reason to talk to counsel who was being charged with ineffective assistance, nor the lawyer who was handling that petition. Nothing about this "failure to consult" resulted in harm to Mr. Copeland and that "failure" did not constitute a failure to represent Mr. Copeland pursuant to this agreement.
It must also be noted that Mr. Copeland stated on the record that his "present incarceration is not involved in this case." This negates the allegation, (though mispleaded as malpractice in the contract count), that the defendant caused his subsequent confinement.
Because Mr. Copeland was appearing pro se, the court was liberal in permitting him to state his case. That liberality cannot extend to finding what does not exist. Thus, Mr. Copeland, did not revel any treatment for the "injury" caused by the alleged breach of contract, the condition he suffered from, how his lost earning capacity was involved and what future damages he claims.
The general assertions that counsel didn't return phone calls or write sooner were denied by Mr. Kaatz. Placed in the context of the result, Mr. Copeland's gripe appears to be Mr. Kaatz didn't move fast enough. To produce the result obtained in less then six months does not suggest indolence.
Based on the record before it and the proceedings on the motion for summary judgment, the court concludes that this suit is without merit and the motion for summary judgment is granted. CT Page 16132
In fairness to the defendant, Attorney Kaatz, the court feels obliged to state that he obtained a remarkable result and displayed a superior degree of legal ability in fashioning his motion for modification and persuading the state's attorney to acquiesce in the granting. He deserved more from his client then the unsupported allegations contained in the complaint and affidavits.
 IV As to the Counterclaim
The defendants presented no evidence on the Counterclaim and so it is dismissed. Further, insofar as it seeks a recovery against Mary Jones, it must fail as she has been found not to be a party to this action.
____________________ Anthony V. DeMayo Judge Trial Referee CT Page 16133